IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | Case No. 1:23-cr-156-RDA |
| **DANIEL MARC LOFARO**, | |
| Defendant. | |

**MOTION TO RECONSIDER 25-YEAR SENTENCE**

At the sentencing hearing in this case, the Court sentenced Danny Lofaro to 25 years. The Court has not yet entered a written sentencing judgment and commitment order. The Court speaks through its written orders and indeed, a notice of appeal is not warranted until the final order.  We are now coming before the Court on the next scheduled hearing—the restitution determination—so we feel it appropriate and reasonable to request the Court adjust the sentence in this case.

 The sentence imposed here is far greater than cases involving much more serious conduct.   Dan Lofaro should not have received such a harsh sentence for these non-contact offenses that stand in stark contrast to other, more serious cases from this district and elsewhere.  This sentence should be reconsidered.

In fact, a sentence of 25 years was in excess of what we, as his lawyers, informed Lofaro he would receive. Our advice was based, in part, on *United States. v. Razook*, 1:21-cr-146-RDA, in which the Court imposed a sentence of 20 years, despite a government recommendation of 50 years (and a mandatory minimum of 15 years). In that case, the defendant sexually exploited a very young girl on multiple occasions over the course of several years, creating more than 470

images and videos of her. The abuse culminated with a graphic six-minute video of the defendant sexually abusing her while she slept in a hotel room during a trip they took together to Pennsylvania. The video depicted him rubbing his penis on her vagina, attempting to penetrate her, and eventually ejaculating on her back. Separately, the defendant had approximately 30,000 illegal images and videos on various devices. (ECF #44 at 1-4.)

Here, In the Lofaro case, the government asked for 30 years, and the offense was online-only and involved no physical contact with minors (with a mandatory minimum of 10 years). Therefore, the defendant was advised that his sentence would realistically be no more than 20 years. And, in fact, given the lack of contact here and all the significant mitigation, counsel fully believed this Court would deliver a balanced sentence of less than the Razook term. Indeed, there appears to be no non-contact offender in this District who has received a sentence of more than 15 or 20 years.  We certainly failed Mr. Lofaro in not emphasizing or arguing cases that compelled a sentence far less than what the Court gave Lofaro.  We should have properly argued and comprehensively presented the cases and passages from our sentencing memorandum.  Dan Lofaro should receive a fair and equitable adjustment in his sentence.

A review of prior sentences given in Enticement and even Production cases in this district reveals that when defendants have received a sentence even slightly above the mandatory minimum, it has usually been because those defendants engaged in actual – or at least attempted – contact sexual abuse of a minor.  In cases like Mr. Lofaro's, which does not involve actual or attempted physical sexual contact, judges have often given sentences at or near the

mandatory minimum.

Again, the case of *United States. v. Razook*, 1:21-CR-146-RDA, provides an example of an enormous sentencing request by the government followed by a more reasonable sentence. Unlike this case, Razook faced a mandatory minimum sentence of 180 months for production of child pornography. The facts of that case were far more egregious than our case. The defendant sexually exploited a very young minor on multiple occasions over the course of several years, creating more than 470 images and videos of her in various stages of undress. The abuse culminated with a graphic six-minute video of Razook sexually abusing this very young minor while she slept in a hotel room. As stated above, the video depicted him rubbing his penis on her vagina, attempting to penetrate her, and eventually ejaculating on her back. (ECF #44, pp 1-4). Razook had tens of thousands of other illegal images on various devices.

**In *Razook*, the government recommended a sentence of 600 months, 50 years. The Court imposed 20 years, a full 30 years less than the government's recommendation.** In our case, of course, the government reached for 360 months, 30 years. A significant but reasonable sentence of 10 years was appropriate for Lofaro—reflective of the same type of percentage reduction from the government's recommendation in *Razook*. Certainly, the conduct in that case was at least twice as bad as the no-contact, online conduct here involving one picture of (an internet) vagina minor 1 sent over chat from overseas and a masturbation video sent from minor 2 just short of her 18th birthday.

A review of some other cases—the conduct within which is more egregious and

dangerous than the conduct here--illustrates a sentence of no more than 10-15 years is fair and in line with results rendered by this Court and others the Eastern District of Virginia.

The defendant in *United States v. Hihn*, 1:21-cr-167-LO, received a sentence of 132 months from Judge O'Grady– just one year over the mandatory minimum - even though the evidence established he had communicated online for two months with a woman representing herself as a babysitter who was sexually abusing a 9-year-old and an infant girl. The woman was an undercover FBI agent.  **Mr. Hihn expressed his desire to engage in various sexual activities with both children, and then drove from Maryland to Virginia to meet the woman for that purpose**.  Lofaro never traveled and he never had actual contact with anyone.

*United States  v. Huizar*, 1:20-CR-152-RDA, is also an instructive case.  The defendant was charged with transportation of child pornography, but the relevant conduct included evidence that he had sexually exploited a 15-year-old girl in North Carolina, enticing her to send him sexually explicit photographs and **making concrete plans to go visit her for the purpose of engaging in sexual activity**.  (ECF #34, pp. 5-7).  This Court sentenced Mr. Huizar to 109 months for that conduct.

Sentences approaching 15 years have been reserved for significant, contact offenders. For example, in United States*. v. Friedel*, 1:14-CR-383-TSE, the defendant met a 15-year-old girl online, solicited her to send pornographic images of herself, and recorded himself having numerous sexual encounters with her.  "**On three occasions, Defendant met with Minor A and engaged in sexual intercourse and oral and anal sodomy with her**. Some of this he recorded on video and still-image." (ECF #44, p.2).  The defendant also coerced four other minors to

4

create and send pornographic material of themselves, and then attempted to blackmail them into engaging in similar conduct.  Facing a mandatory minimum sentence of 180 months, Mr. Friedel received 192 months.

*United States. v. Irfan*, 1:19-cr-120-AJT, is a case with far more salacious conduct than Lofaro.  Irfan created an online profile touting his experience as a 3rd grade assistant teacher at Fairfax County Public Schools and offering his services as a babysitter for infants and children with special needs.   He then proceeded to **sexually abuse those children** and send images of that abuse to other pedophiles he met online.   He was arrested in an undercover sting operation **after driving** to a hotel in Chantilly with the intent of sexually abusing the 7-year-old son of a man he believed was the boy's father (who was an undercover officer).   "He had told this individual that he was sexually active with children, including toddlers, and instructed him to 'warm the child up' beforehand so that the child would be prepared for Irfan to orally and anally penetrate him." (ECF # 34, pp 1-2).  For that he was sentenced to spend 150 months in prison.

Even more notorious cases from outside the district have received less than 25 years. Consider the case of Ghislane Maxwell, who assisted Jeffrey Epstien for 10 years to procure minors as young as 14 to travel to various residences to then be sexually abused in person. Maxwell was present and encouraged girls to undress to then be abused by Espstein.  There were scores of actual sex acts and actual contact offenses over the course of 10 years.  Maxwell received a 20-year sentence and five years of supervision.  No reasonable person could argue that Lofaro is more culpable than Ms. Maxwell yet his sentence is greater.

5

In light of Razook and the other cases cited above and in our previous submissions, holistic consideration of Daniel, his offenses, our sentencing regime, and notions of justice, we submit that a sentence of no more than 15 years, coupled with a lifetime of supervised release and sex offender registration, as well as significant restitution, is sufficient, but not greater than necessary, to achieve the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). The sentence imposed here was just far outside the bounds of previous case law and far greater than other, more serious cases involving actual contact.

Respectfully submitted,

DANIEL MARC LOFARO
By Counsel

/s/ Frank Salvato
Frank Salvato
*Virginia Bar No. 30453*
frank@salvatolaw.com
1203 Duke Street
Alexandria, VA 22314
(703) 548-5000

Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

6

**CERTIFICATE OF SERVICE**

I certify that on October23rd , 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

                                                /s/ Frank Salvato
                                                Frank Salvato