IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:23-cr-156 |
| DANIEL MARC LOFARO, | Hon. Rossie D. Alston Jr. |
| *Defendant*. | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER 25-YEAR SENTENCE**

At the sentencing hearing on July 24, 2024, the Court issued its sentence, resolving all matters save for restitution, which was deferred to a later date. As a result, the Court has no authority now—and the defendant cites none—to "adjust" its sentence in this case. *See United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) ("Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.' "); *United States v. Fraley*, 988 F.2d 4, 7 (4th Cir. 1993) ("When the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence."); Fed. Rule Crim Pro. Rule 35(c) ("As used in this rule, 'sentencing' means the oral announcement of the sentence.").

The defendant's motion to reconsider ignores this basic principle of finality and instead seeks to rehash arguments related to a sentencing that was final three months ago. There is no authority for the Court to modify its sentence absent certain circumstances that do not apply here and which the defendant does not argue apply. *See Melvin*, 105 F.4th at 623 (As a narrow exception, Section 3582 permits the Court to correct a sentence that resulted from *arithmetical,*

1

*technical or other clear error*' within 14 days after sentencing). Accordingly, because the Court does not have authority to reconsider its sentence, and no exceptions apply, the defendant's motion should be denied. Further, even if the Court could reconsider its sentence, it is not warranted here, since the Court has already considered the same 18 U.S.C. § 3553(a) arguments at the sentencing hearing and there has been no change in circumstances.

## BACKGROUND

The defendant sexually exploited multiple minor girls online and used them to obtain child sexual abuse material (CSAM). Dkt. 68 at 8-10. Minor 1 was just 12 years old when the defendant engaged in a graphic, largely one-sided, discussion of how he would have sex with her and then asked to see a picture of her "pussy." *Id*. at 9. Minor 2 was 14 years old when the defendant began communicating with her and the exploitation spanned several years. *Id*. The defendant repeatedly asked Minor 2 to send him CSAM of herself and he saved a sexually explicit video of Minor 2 on his iPhone. *Id*. at 10.

The defendant was also a prolific trader of CSAM on an Internet-based messaging application, which he used to collect and spread CSAM to like-minded individuals in group chats and direct messages. Dkt. 68 at 10-13. The defendant often sent and solicited CSAM in the chats in order to facilitate discussions with other individuals about the sexual abuse of children on topics including, for example, incest, sex with school kids, and sex with animals. The defendant had in his CSAM collection hundreds of images and videos that depicted the sexual abuse of children, including the anal rape of a toddler. *Id*. at 13.

On October 5, 2023, a federal grand jury sitting in the Eastern District of Virginia returned a three-count Indictment charging the defendant with distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *See* Dkt. 1. On December 7, 2023, the grand jury returned a four-count Superseding Indictment, alleging an additional offense of coercion and enticement, in violation of 18 U.S.C. § 2422(b) (Count 1), and realleging the charges of distribution, receipt, and possession of child pornography (Counts 2 through 4). Dkt. 33.

On May 1, 2024, the defendant pleaded guilty, with a plea agreement, to all four counts of the Superseding Indictment. Dkt. 62, 63. On July 24, 2024, the defendant was sentenced to 300 months in prison on Count 1, and 180 months in prison on each of the remaining counts, to run concurrently with the sentence on Count 1. Dkt. 78. A hearing on restitution was deferred to a later date to afford defense counsel sufficient time to resolve the victims' claims with their representatives. *See id.*; *see also* Dkt. 63 at 7-8 (The "defendant agrees that, pursuant to 18 U.S.C. §§ 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specially waives the 90-day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.").

A hearing to determine restitution is currently scheduled for October 30, 2024.

**ARGUMENT**

The Court's sentence was final when it was announced at the sentencing hearing on July 24, 2024, and the defendant's motion for reconsideration—unsupported by a single authority—calls on the Court to relitigate settled issues without any authority to do so.

"Federal law places paramount importance on the finality of criminal proceedings, and permits courts to modify sentences only in limited circumstances." *Melvin*, 105 F.4th at 623. "When it comes to criminal judgments, reconsideration is generally disfavored[.]" *United States v. Morgan*, 2024 WL 4111057, at *2 (M.D.N.C. Sept. 6, 2024); *see also United States v.*

*Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (cleaned up) ("The law closely guards the finality of criminal sentences against judicial change of heart."); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)) ("A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.' "); *United States v. James*, 639 F. App'x 834, 835–36 (3d Cir. 2016) ("A federal court may not modify a term of imprisonment once it has been imposed, except in limited circumstances set forth by Congress . . ."); *United States v. Dotz,* 455 F.3d 644, 648 (6th Cir.2006) ("there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."); *Teague v. Lane*, 489 U.S. 288, 309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (Finality is "essential to the operation of our criminal justice system.") *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (cleaned up) ("Deterrence depends upon [it.] ... Rehabilitation demands [it.] ... [And it] benefits the victim by helping [her] put the trauma of the crime and prosecution behind [her]."); *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) (courts are generally forbidden from altering a sentence once it becomes final).

The defendant has failed to demonstrate any grounds for reconsideration that fall within the expressly delineated exceptions to the finality requirement of 18 U.S.C § 3582 or Rule 35.[1] Rule 35 "is not intended to afford the court the opportunity to reconsider the application or

---

[1] Pursuant to Fed. Rule Crim. Pro Rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Under Rule 35(b), the Court may reduce a sentence upon the government's motion if the defendant provided substantial assistance in investigating or prosecuting another person. Neither provision of Rule 35 applies in this case and in any case neither provision was cited by the defendant in his motion.

Compassionate release, pursuant to 18 U.S.C. § 3582(c) is another exception to the rule regarding finality of criminal sentences, but again, the defendant has not made a motion for compassionate release and even if he had, that motion would fail because he has not satisfied the threshold requirements for compassionate release, namely notice to the Bureau of Prisons and extraordinary and compelling reasons that warrant such a reduction.

interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *Layman*, 116 F.3d at 108 (citing *United States v. Cook*, 890 F.2d 672, 675 (4th Cir.1989) (noting that "[t]he power of a district court to amend a sentence does not extend to a situation where the district judge simply changes his mind")).

That the court has not issued a written judgment or a final restitution order is of no consequence, because "courts cannot modify a sentence after the sentencing <u>hearing</u> has concluded unless Rule 35, or another exception, applies." *Melvin*, 105 F.4th at 624 (emphasis added); *see generally id.* at 623–24; *see also United States v. Springer*, No. 21-4492, 2022 WL 11112714, at *2 (4th Cir. Oct. 19, 2022) (unpublished); *Layman*, 116 F.3d at 108 ("a rule that sentence is 'imposed' when it is orally pronounced better promotes the goal of finality in sentencing"); Fed. R. Crim. P 35(c) ("'sentencing' means the oral announcement of the sentence" for purposes of the rule). Here, the Court's sentence was final on July 24, 2024, when it announced and imposed its sentence at the sentencing hearing. *Layman*, 116 F.3d at 108 ("a sentence is imposed for purposes of Rule 35(c) when it is orally pronounced by the district court").

Even if the Court had authority to modify its sentence, it should not do so because the Court carefully considered the facts and the record in reaching its sentence. Indeed, there was extensive litigation, and thus a robust factual record, prior to the entry of the defendant's guilty plea. *See e.g.,* Dkt. 16 (government's motion to revoke the release order) and Dkt. 25 (defendant's response brief); Dkt. 23-24 (transcripts of the defendant's two detention hearings in magistrate court); Dkt. 48 (defendant's motion to suppress); Dkt. 50 (defendant's motion to dismiss); Dkt. 51 (defendant's motion for discovery); and Dkt. 55-57 (government's responses). Further, the Probation Office prepared a 35-page Presentence Report (excluding victim impact

5

statements), to which the defendant did not offer any objections or supplemental information. Prior to the sentencing hearing, the defendant filed a sentencing memorandum, which included a psychological evaluation. *See* Dkt. 76. Finally, at the sentencing hearing, the Court heard testimony from the defendant's mother, argument from three different defense attorneys, and allocution by the defendant. In sum, the Court had ample facts, perhaps more even than in most cases, to reach its decision. *See United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (cleaned up) ("A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the court rethink what the court has already thought through—rightly or wrongly.")

The defendant's motion for reconsideration simply rehashes what the defense has already argued regarding the defendant's sentence. For example, the defendant argues now that he should not have received the sentence he did for "non-contact offenses that stand in stark contrast to other, more serious cases . . ." Dkt. 87 at 1. He made the same argument in his sentencing memorandum. *See* Dkt. 76 at 1 ("The offense involves no contact, no travel, or even attempted travel to have contact with a minor; rather, online activity. Online activity is certainly treated differently than contact offenses."); Dkt. 76 at 5 ("Incredibly, a defendant who commits a non-contact offense—like Mr. Lofaro—has a higher sentencing exposure under the guidelines compared to a defendant who commits a contact offense, even though someone who engages in a contact offense undoubtedly has committed a more serious offense."); Dkt. 76 at 19 ("Sentences approaching 15 years have been reserved for significant, contact offenders."). The defense also argues that they failed the defendant by not "emphasizing or arguing cases that compelled a sentence far less than what the Court gave Lofaro." Dkt. 87 at 2. Yet, they cited the exact same cases in their motion to reconsider that they cited in their sentencing memorandum, including

multiple cases sentenced by this Court, who is presumably in the best position to judge any similarities or key distinctions between those cases and the instant one.[2] Finally, there has been no change in circumstances since the defendant's sentencing on July 24, 2024, that would warrant a different sentence, even if the Court had the authority to modify its sentence (the government believes it does not).

The defendant's motion to reconsider is a reiteration of points that he previously argued, both in his sentencing memorandum and at the sentencing hearing. The hearing on restitution—the only issue left unresolved—does not otherwise confer authority for the court to reopen and modify a previously settled sentence simply because the defendant disagrees with it. As such, the defendant's motion should be denied.

---

[2] The defense devoted a section of their sentencing memorandum to comparative sentences in the Eastern District of Virginia, and cited to cases including *U.S. v. Razook*, *U.S. v. Hihn*, *U.S. v. Huizar, U.S. v. Friedel,* and *U.S. v. Irfan*, *see* Dkt. 76 at 16-23, i.e., the same cases they cite in their motion for reconsideration, *see* Dkt. 87 at 1, 4-5. However, even if they had not presented comparatively lower sentences (which they did), the sentence in this case is not an outlier compared to federal sentences for child pornography producers nationwide. According to the United States Sentencing Commission, "[i]n fiscal year 2019, production offenders received an average sentence of almost 23 years (275 months)." *See* Federal sentencing of child pornography: Production offenses (2021) United States Sentencing Commission, available at: www.ussc.gov/research/research-reports/federal-sentencing-child-pornography-production-offenses (Accessed: 28 October 2024).

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that the Court deny the defendant's Motion to Reconsider 25-Year Sentence.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: October 28, 2024     By:           /s/
Lauren Halper
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Lauren.Halper@usdoj.gov

AND

McKenzie Hightower
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice