IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-156 (RDA) |
| | ) | |
| DANIEL M. LOFARO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion to Reconsider. Dkt. 104. Defendant moves the Court to reconsider and expand its prior Order, Dkt. 103, on the basis that Defendant wants to seal any allegedly stigmatizing material, up to and including the nature of his conviction. Specifically, Defendant requests that the entire record should be sealed, all sealed filings should be available to essential parties only, all post-conviction filings should be sealed, and Defendant should be able to proceed under a pseudonym. Dkt. 104 at 5.

In its prior Order, the Court permitted Defendant to file material relating to his mental or physical health under seal. Dkt. 103. But, as the Court noted previously, it is inappropriate and unwarranted to seal the entire criminal case record and all post-conviction filings as the public has a right of access to court proceedings and documents. *See Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501 (1984). As the law and Constitution requires, this criminal case was conducted in public view and matters related to this case, except where appropriately redacted or sealed, were and are publicly available. Despite Defendant's assertions, there is no countervailing interest here that is sufficient to overcome the public interest with respect to matters previously adjudicated in open court or with respect to matters not related to Defendant's health. Defendant specifically argues that public availability of his sex offense related records endangers him while he is incarcerated. But "wholesale suppression of those documents cannot overcome the press's and public's strong interest in monitoring [court] decisions." *United States v. Munir*, 953 F. Supp. 2d 470,

478 (E.D.N.Y. 2013) (further noting that "[c]areful redactions can appropriately balance the interests of confidentiality, a free press, and an informed citizenry"). In the same vein, Defendant's request to proceed under pseudonym suffers from a similar flaw. *See United States v. Stoterau*, 524 F.3d 988, 1012-14 (9th Cir. 2008) (rejecting a request for a pseudonym based on the nature of the prisoner's conviction as a sex offender "because this concern is equally present for all similarly situated sex offenders who face prison sentences," and questioning the value of pseudonymity where the prisoner's conviction was a matter of public record and many of the documents were not submitted under seal). Moreover, to the extent Defendant asserts his fear of harassment based on the nature of his conviction, Defendant does not allege that he has suffered any such harassment but appears to speculate that he will be subject to such harassment. To the extent Defendant has a credible fear of harm, Defendant has other alternatives available to him and he may inform his prior counsel, the government, or the Bureau of Prisons of such threat. Because Defendant has not justified his request for a wholesale sealing of his criminal case, his request in this regard is denied. *In re State-Record Co.*, 917 F.2d 124, 127-29 (4th Cir. 1990) (per curiam) (holding that the district court erred in wholesale sealing of the criminal docket); *United States v. Andrews*, 2020 WL 4939115, at *3 (E.D.N.C. Aug. 24, 2020) (denying motion to seal entire criminal case for defendant pursuing compassionate release); *United States v. Wilder*, 2019 WL 1745794 (W.D. Pa. Apr. 18, 2019) (denying motion to seal entire criminal case); *United States v. Skinner*, 2023 WL 4905256, at *1 (S.D.N.Y. Aug. 1, 2023) (explaining that "[f]ederal courts generally lack jurisdiction to seal entire records of criminal cases").

Further, as to Defendant's request that all sealed filings be available to authorized parties only, that is already the procedure in place regarding sealed filings. *See Kinder v. White*, 609 F. App'x 126, 129 n.3 (4th Cir. 2015) (noting that "select documents" that are placed "under seal [] provide limited access to the *parties to this case only*, not the public at large" (emphasis added)). Thus, to the extent Defendant seeks this remedy, that request was previously granted as part of the Court's prior Order and is provided for all sealed filings as a matter of course.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion (Dkt. 104) is DENIED.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this court within fourteen (14) days of receipt of this Order. Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk is directed to forward copies of this Order to Defendant and counsel of record.

It is SO ORDERED.

Alexandria, Virginia
July 9, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge