IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-156 (RDA) |
| | ) | |
| DANIEL MARC LOFARO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court following its review of the Government's Response to Defendant's Motion to Vacate under 28 U.S.C. § 2255. Dkt. 108. On November 19, 2025, the Government filed its response to Defendant's Motion shortly before the Court's Order on the matter was posted on the docket. The Government agrees that Defendant should have counsel appointed to him and that the Court should conduct an evidentiary hearing. *Id.* In denying the request for appointment of counsel originally, the Court noted that Defendant's request for appointment of counsel was filed *by* counsel, that Defendant is not ordinarily entitled to appointment of counsel for post-conviction matters, and that the request failed to discuss the appropriate standard for determining whether appointment of counsel is appropriate. Nonetheless, given the Government's position, this Court now reconsiders Defendant's request for appointment of counsel.

In reconsidering its prior Order, the Court notes that current counsel – Frank Salvato, Michael Sprano, and Elizabeth Van Pelt – have continued to file matters for Defendant post-conviction and, despite seeking appointment of new counsel, have not sought to withdraw or terminate their own representation. Dkt. 106. Moreover, the Court notes that current counsel were retained. In addition to failing to discuss the appropriate legal standard for appointing counsel post-conviction, the Petition does not discuss the appropriateness of appointing counsel for a Defendant

1

who is not indigent. Pursuant to the Presentence Investigation Report, Defendant has significant assets. Dkt. 68 (revealing assets in excess of $1 million). Neither the Defendant nor the Government address the propriety of appointing counsel for a defendant who does not appear to be indigent. 18 U.S.C. § 3006A(a)(2)(B) (permitting appointment of counsel for purposes of a Section 2255 motion for those who are "financially eligible"). In the interest of expediency, assuming that Defendant is financially eligible, the Court has reached out to counsel Paul Vangellow who stands ready to accept the appointment, if such appointment is appropriate.

Accordingly, it is hereby ORDERED that Defendant is DIRECTED to provide, on or before Friday, December 12, 2025, a financial affidavit regarding his assets and a brief setting forth whether he is "financially eligible" for appointment of counsel; and it is

FURTHER ORDERED that the Government is DIRECTED to provide its position regarding whether Defendant is "financially eligible" on or before Tuesday, December 30, 2025; and it is

FURTHER ORDERED that the Court VACATES the prior deadlines set in its Order (Dkt. 109); and it is

FURTHER ORDERED that the Court will determine whether to appoint Paul Vangellow and any briefing deadlines on the motion to vacate after the parties have briefed whether Defendant is financially eligible for appointment of counsel.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record and to attorney Paul Vangellow.

IT IS SO ORDERED.

Alexandria, Virginia
November 24, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge