IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL MARC LOFARO,<br><br>*Defendant*. | Case No. 1:23-CR-156 (RDA) |

**UNITED STATES' POSITION REGARDING DEFENDANT'S FINANCIAL
ELIGIBILITY FOR COURT APPOINTED COUNSEL**

COMES NOW the United States of America, by and through undersigned counsel, and submits this Position regarding the defendant's financial eligibility for court appointed counsel.

On November 5, 2025, the defendant filed his Motion to Vacate Under 28 U.S.C. § 2255. Dkt. 106. In the Motion, attorneys Frank Salvato and Elizabeth Van Pelt requested the Court appoint new counsel for the defendant to pursue relief under Section 2255 based on claims of ineffective assistance of counsel. On November 19, 2025, the government filed its Response, indicating it did not oppose the defendant's request for new counsel, and requested the Court hold an evidentiary hearing with testimony from Mr. Salvato and Ms. Van Pelt. On November 24, 2025, the Court ordered the defendant to provide, on or before December 12, 2025, a financial affidavit regarding his assets and a brief setting forth his financial eligibility for appointment of counsel. Dkt. 110. The Court further ordered the government to provide its position on the defendant's financial eligibility on or before December 30, 2025. *Id*.

As of the time of this filing, the Clerk's Office for the Eastern District of Virginia confirmed to the government that no financial affidavit has been received from the defendant.

Accordingly, the government does not have sufficient information to assess the defendant's current financial eligibility for court appointed counsel. As the Court noted in its November 24, 2025 Order, at the time of sentencing the defendant possessed substantial financial assets. Dkt. 110 at 2. Nonetheless, the government does not oppose appointment of new counsel given its request for an evidentiary hearing should the defendant pursue a claim under Section 2255.

As the Court is aware, no right to counsel for a defendant exists for the collateral review of a conviction or sentence. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). In fact, it is generally held that a criminal defendant has no right to counsel beyond his first appeal. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *Coleman v. Thompson*, 501 U.S. 722 (1991). It is, however, within the Court's discretion to appoint counsel for Section 2255 Petitions when the interest of justice require. 18 U.S.C. § 3006A (A)(2)(b). Additionally, appointment of counsel is statutorily required if an evidentiary hearing is ordered in a Section 2255 proceeding. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). Based upon representations in previous filings, and the government's request for evidentiary hearings in this matter, the government believes attorney Paul Vangellow's appointment may be appropriate. That said, if the Court appoints Mr. Vangellow to represent the defendant and it is later revealed that the defendant had adequate resources to hire counsel, the government reserves the right to recover the costs associated with any such appointment.

WHEREFORE, the government does not oppose appointment of counsel for the defendant to pursue a claim under Section 2255. The government reserves the right to recover any costs should the defendant later be deemed ineligible for court appointment counsel. Furthermore, should new counsel file a Petition under Section 2255, the government reserves the

right to respond on the merits, and requests the Court hold an evidentiary hearing with testimony from Mr. Salvato and Ms. Van Pelt.

                                              Respectfully submitted,

                                              LINDSEY HALLIGAN
                                              UNITED STATES ATTORNEY
                                              AND SPECIAL ATTORNEY

Date:   December 30, 2025                TODD W. BLANCHE
                                              DEPUTY ATTORNEY GENERAL

                                              ROBERT K. MCBRIDE
                                              FIRST ASSISTANT
                                              UNITED STATES ATTORNEY

                    By:          /s/
                                              Jacob A. Mercer
                                              Special Assistant United States Attorney
                                              Lauren Halper
                                              Assistant United States Attorney

                                              United States Attorney's Office
                                              2100 Jamieson Ave.
                                              Alexandria, Virginia 22314